UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MONROE FEDERAL SAVING AND LOAN ASSOCIATION, | : : : | Case No. 3:12-cv-52 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| NEA GALTIER PARKING, LLC, *et al.*, | : : | |
| Defendants. | : | |

**ORDER THAT: (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Doc. 40) IS GRANTED; (2) DEFENDANT NEA GALTIER'S MOTION FOR LEAVE TO FILE AMENDED CROSSCLAIMS (Doc. 41) IS GRANTED; AND (3) DEFENDANT FIRST SOUTHERN'S MOTION TO DISMISS CROSSCLAIMS (Doc. 25) IS DENIED AS MOOT**

This civil action is before the Court on: (1) Plaintiff's motion for leave to file an amended complaint (Doc. 40); (2) Defendant NEA Galtier Parking's motion for leave to file amended crossclaims (Doc. 41); and (3) the parties' responsive memoranda (Docs. 45, 48, 49).

I.  BACKGROUND FACTS

Plaintiff originally filed its complaint in state court, and it was removed to this Court by Defendants NEA Galtier, *et al.*, on February 21, 2012. (Doc. 1). By way of an agreed order, Plaintiff filed an amended complaint after removal, adding First Southern as an additional Defendant on April 17, 2012. (Doc. 10). The amended complaint asserted claims against First Southern for declaratory judgment and breach of the Participation Agreement. (*Id.*) In response, NEA Galtier filed counterclaims against Plaintiff and

crossclaims against First Southern. (Doc. 11). First Southern also filed counterclaims against Plaintiff. (Doc. 19). Following the initial pretrial conference, this Court issued a Calendar Order, which included a deadline of July 20, 2012, to file motions to amend the pleadings and/or add additional parties. (Doc. 32).

Plaintiff timely filed a motion to amend the complaint (Doc. 40) and Defendant NEA Galtier timely filed a motion to amend its crossclaims (Doc. 41).

## II. STANDARD OF REVIEW

Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his pleadings as a matter of course if it is filed within 21 days after service of a 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to file an amended complaint after the 21 day grace period, he is required to seek leave of the court to do so. "The court should freely give leave when justice so required." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has held that motions for leave to amend should be liberally granted unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). The grant or denial of a request to amend a complaint is left to the broad discretion of the district court. *Gen. Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

### III.     ANALYSIS

#### A.     Plaintiff's Motion to Amend

Plaintiff seeks to amend the complaint to: (1) add additional claims against First Southern for implied indemnification and/or contribution for any damages of liability that Plaintiff may incur as a result of lender liability claims asserted by NEA Galtier; (2) add a breach of contract claim against First Southern for breach of the duty of good faith and fair dealing inherent in the participation agreement; (3) clarify the specific declaratory relief being requested to include a declaration that Plaintiff has no duty under the participation agreement to monitor, guard, or otherwise protect First Southern's interest in the loan or collateral; and (4) include a claim against First Southern under Georgia Code § 13-6-11, which allows a plaintiff in a breach of contract action to recover the expenses of litigation from a defendant who "has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense," but requires plaintiff to include a specific plea and prayer for relief to that extent. (Doc. 40 at 3).

Plaintiff maintains that these additional claims are supported by documents it received from First Southern pursuant to the Rule 26(a) initial disclosures after its first amended complaint had been filed. Additionally, Plaintiff alleges that each of these claims is supported by the factual allegations already asserted in the amended complaint.

First Southern opposes Plaintiff's proposed amendment to the complaint on the ground that it would be futile. Denying a proposed amendment as futile requires a determination that the amended pleading could not withstand a motion to dismiss under

Rule 12(b)(6). *Cicchini v. Blackwell*, 127 Fed. Appx. 187, 191 (6th Cir. 2005). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter that, taken as true, states a claim for relief that is plausible on its face. *Trans Rail Am., Inc. v. Hubbard Twp.*, No. 10-3236, 2012 U.S. App. LEXIS 9360, at *1 (6th Cir. May 8, 2012). Such a motion by its very nature requests "at least indirectly, a ruling on the merits of that claim." *Grant v. Target Corp.*, No. 2:10cv823, 2012 U.S. Dist. LEXIS 33842, at *3-4 (S.D. Ohio Mar. 14, 2012). "[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by way of a motion to dismiss." *Id.* at 3-4.

The question of sufficiency of the pleadings should be considered in the context of a motion to dismiss, not a response to a motion for leave to plead. Accordingly, the Court declines to engage in a full blown analysis pursuant to Fed. R. Civ. P. 12(b)(6), but briefly notes as follows:

    *1.    Lender Liability*

Despite First Southern's argument otherwise, Plaintiff's second, third, and fourth amendments are not premised on its liability to NEA Galtier for lender liability claims. The second and third amendments assert claims under the Participation Agreement. There is no authority to suggest that claims under a participation agreement require a valid lender liability claim by the borrower. The fourth claim, under Georgia Code § 13-6-11, has nothing to do with whether NEA Galtier ultimately has a valid lender liability claim against Plaintiff. The claim is only available pursuant to the Georgia choice-of-law

provision in the Participation Agreement and is not affected by the existence of a lender liability claim.

Plaintiff's additional claims for contribution and/or indemnification are not vulnerable to dismissal based on lender liability law. NEA Galtier has asserted both contract and tort claims against Plaintiff. Specifically, a claim for implied indemnification exists "where the one committing the wrong is so related to a secondary party as to make the secondary party liable for the wrongs committed solely by the other." *Reynolds v. Physicians Ins. Co. of Ohio*, 623 N.E.2d 30, 31 (Ohio 1993). Dismissal of an indemnification claim prior to judgment on the underlying claim is premature. *Elevators Mut. Ins. Co. v. Scassa*, No. 03CA0045, 2004 Ohio App. LEXIS 3043 (Ohio App. June 30, 2004).

### 2. *Breach of contract*

Next, First Southern suggests that Plaintiff has not alleged any facts that would constitute a breach of any terms of the Participation Agreement to which the duty of good faith and fair dealing would apply. Where a contract gives one party discretionary authority, the covenant of good faith and fair dealing applies to the exercise of that discretion. *Hunting Aircraft, Inc. v. Peachtree City Airport Auth.*, 636 S.E.2d 139, 141 (Georgia App. 2006). The amended complaint alleges that the Participation Agreement gives First Southern discretionary control of certain responses to a default on the underlying loan. (Doc. 10 at ¶ 24). The amended complaint also alleges that First Southern attempted to exploit that discretionary control for its own pecuniary gain by

obtaining ownership and control of the parking garage. (*Id.* at ¶ 35-41). NEA Galtier's allegations are sufficient to allege a breach of the duty of good faith and fair dealing inherent in that contractual discretion.

### 3. *Georgia Code Section 13-6-11*

Finally, First Southern challenges the viability of the claim pursuant to Georgia Code § 13-6-11, suggesting that relief under the statute is unavailable to a plaintiff. However, the statute describes its remedy as available to "a plaintiff . . . where the defendant" has engaged in the wrongful conduct listed. Additionally, the amended complaint maintains support for the claim, alleging that First Southern "had no interest in discussing any course of action that did not result in immediate surrender of the collateral by the borrowers, and from the beginning seemed solely concerned with obtaining possession of the parking garage." (Doc. 10 at ¶ 38). Accordingly, Plaintiff has pled sufficient facts to maintain an action under Georgia Code § 13-6-11.

Therefore, the Court rejects First Southern's argument that the proposed amendment would be futile. Additionally, the Court finds that this case is still at its initial proceedings – specifically, no depositions or other discovery has begun and no party will be prejudiced by the amendment.

### B.   NEA Galtier's Motion to Amend

NEA Galtier seeks to amend its crossclaims and add William Cooley as an additional party. Specifically, subsequent to the filing of the original crossclaims, NEA Galtier became aware of new facts supporting its crossclaims and intends to supplement

the crossclaims with this new information.

First Southern opposes Defendant NEA Galtier's proposed amended crossclaims on the ground that they would be futile. As explained *supra*, denying a proposed amendment as futile requires a determination that the amended pleading could not withstand a motion to dismiss under Rule 12(b)(6). *Cicchini*, 127 Fed. Appx. at 191.

The crux of First Southern's opposition is that NEA Galtier cannot bring claims against a lender for the lender's exercise of contractual rights under the loan documents. However, First Southern is not a lender to NEA Galtier and is not exercising contractual rights under the loan documents. First Southern is not a party to the loan documents and has no direct contractual rights against NEA Galtier. (Doc. 27 at 8). First Southern is not exercising the contractual rights of a lender, it is seeking to impact the actual lender's (Plaintiff's) determinations of the proper administration of the loan and remedies available under the loan documents. First Southern suggests that based on its participation interest, it is privileged to take whatever actions it chooses regarding NEA Galtier and claimed loan remedies. However, claimed privilege against an action for tortious interference is an issue of fact under both Minnesota and Ohio law. *See, e.g., Kjesbo v. Ricks*, 517 N.W.2d 585, 588 (Minn. 1994) (analyzing claimed justification based on a "legally protected interest" and observing that "[o]rdinarily, whether interference is justified is an issue of fact, and the test is what is reasonable conduct under the circumstances")' *Elwert v. Pilot Life Ins. Co.*, 77 Ohio App. 3d 529, 539-40 (Ohio 1st

Dist. App. 1991) (analyzing various Restatement factors that must be addressed to assess claimed privilege and noting that they pose issues of fact).

Additionally, First Southern argues that NEA Galtier's amended crossclaims would be futile because the Court lacks personal jurisdiction over William Cooley. However, this argument is not supported by fact or law. In contrast, the record before the Court already includes evidence of Mr. Cooley's contacts with Ohio related to the specific subject matter of this suit. (Doc. 31-5 and 31-6). Rules 19 and 20 govern the addition of persons as a party to a crossclaim. The addition of William Cooley as a party is appropriate under those Rules, particularly Rule 20(a)(2)(B), which provides that joinder is appropriate where common questions of law or fact exist.

Accordingly, even if First Southern's economic interest in the loan between Plaintiff and NEA Galtier could justify First Southern's specific actions in this case, that issue is not capable of resolution upon a motion to dismiss. The Court concludes that justice requires granting leave to amend. There is no apparent undue delay, bad faith, or dilatory motive on the part of NEA Galtier, nor does there appear to be any prejudice to First Southern by virtue of allowance of the amendment.

Additionally, the Court finds that because an amended crossclaim supersedes the original crossclaim, First Southern's pending motion to dismiss NEA Galtier's crossclaims is now moot. *See, e.g., Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) ("Because amended complaints supersede the original

pleading, the filing of the amended complaint in this case did technically render the pending motion to dismiss moot.").

## IV. CONCLUSION

For the reasons stated herein:

(1) Plaintiff's motion to amend (Doc. 41) is **GRANTED**. Plaintiffs shall file the amended pleading forthwith;

(2) Defendant NEA Galtier Parking's motion to amend (Doc. 41) is **GRANTED**. NEA Galtier shall file the amended pleading forthwith; and

(3) First Southern National Bank's motion to dismiss (Doc. 35) is **DENIED** as moot.

**IT IS SO ORDERED.**

Date:  8/21/12                                           *s/ Timothy S. Black*
                                                         Timothy S. Black
                                                         United States District Judge