UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MONROE FEDERAL SAVINGS AND : Case No. 3:12-cv-52
LOAN ASSOCIATION,

    Plaintiff, : Judge Timothy S. Black

vs.

NEA GALTIER PARKING, *et al.*,

    Defendants.

## ORDER THAT DEFENDANT FIRST SOUTHERN'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 29) IS DENIED

This civil action is before the Court on Defendant First Southern's motion for judgement on the pleadings (Doc. 29) and the parties' responsive memoranda (Docs. 46, 47). First Southern moves for judgment on the pleadings on its claims for breach of contract, specific performance and injunction,[1] and against Plaintiff on its declaratory judgment claim.[2]

### I.     STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v.*

---

[1] First Southern's motion for judgment on the pleadings is essentially identical to its motion for preliminary injunction. However, the Court declined to address the substantive arguments at the preliminary injunction stage, as First Southern failed to demonstrate that it would suffer irreparable injury. (Doc. 37 at 9). The relevant facts of this case are outlined in the Court's Order denying preliminary injunction. (*Id.* at 2-6).

[2] First Southern's motion for judgment on the pleadings as to Plaintiff's declaratory judgment claim is **DENIED** as **MOOT**. Pursuant to this Court's August 21, 2012 Order, Plaintiff was granted leave to amend its complaint to include additional facts pertaining to the declaratory judgment claim. (*See* Doc. 50).

*Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

## II.  ANALYSIS

### A.  Procedural Posture of the 12(c) Motion

Plaintiff argues that First Southern filed its motion for judgment on the pleadings prematurely because the pleadings were not yet closed. Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). First Southern filed its Rule 12(c) motion before it filed its own answer to NEA Galtier's crossclaims. Instead of filing an answer, First Southern filed a motion to dismiss NEA Galtier's crossclaims.

(Doc. 25).  Further complicating matters, both Plaintiff and NEA Galtier filed motions to amend the pleadings.

Ultimately, it is within the Court's discretion to consider a 12(c) motion, even when one of the defendants has not filed an answer.  *Noel v. Hall*, No. 99-649, 2005 U.S. Dist. LEXIS 45509, at *1-2 (D. Or. Aug. 16, 2005).  While it clearly would have been more timely and efficient to file the instant motion after the date by which parties could amend the pleadings and add parties, First Southern's motion is not procedurally barred.

**B.    First Southern's Breach of Contract and Specific Performance Claims**

First Southern's motion for judgment on the pleadings is based solely on its reading of paragraph 16(e) of the Participation Agreement.  Specifically, First Southern suggests that it is entitled to relief upon: (1) default on the Loan; (2) failure to reach a mutually agreeable course of action within ten business days; and (3) First Southern's ownership of at least 50% of the Loan.  (Doc. 29 at 11).  Plaintiff argues, however, that Paragraph 16(e) is not to be read in isolation and it is also "subject to the equitable principles recognized by the Georgia Supreme Court" and Plaintiff's allegations that: (1) First Southern undermined the purpose of paragraph 16(e) by demanding foreclosure and receivership despite the fact that the Loan was performing and that such a remedy would not address the tax arrearage default; (2) without the parking garage to generate revenue the Loan would default; and (3) First Southern had already breached the Participation Agreement by failing to pay its pro-rata share of the expenses Plaintiff's incurred in carrying out its previous demands.  (Doc. 37 at 8).

First Southern is not "clearly entitled to judgment" where Plaintiff alleges sufficient facts to support a finding that First Southern breached its duty of good faith and fair dealing inherent in every contract. *Black v. Brownless*, 273 S.E.2d 390, 392 (1980). In Georgia, the duty of good faith and fair dealing "requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance. And, where the manner of performance is left more or less to the discretion of one of the parties to the contract, he is bound to the exercise of good faith." *Hunting Aircraft, Inc. v. Peachtree City Airport Auth.*, 636 S.E.2d 139, 142 (2006). The pleadings in this case assert a number of facts, that, taken as true, prevents the decree of specific performace that First Southern requests. Specifically, the complaint alleges that First Southern is demanding foreclosure and receivership in order to obtain ownership of the parking garage from NEA Galtier to operate itself.[3] Georgia law is clear that the discretion granted First Southern in paragraph 16(e) cannot be exercised in a way that would constitute a breach of its duty of good faith and fair dealing.

Additionally, Plaintiff argues that specific performance of a contract is an equitable remedy, and in order to receive equity, one must do equity. *Kirk v. First Georgia Inc. Corp.*, 236 S.E.2d 254, 256 (1977). For example, a party seeking specific performance must show substantial compliance with the obligations under the agreement in order to obtain a decree of specific performance. *Id.* In the instant case, First Southern

---

[3] First Southern commissioned a report on the day-to-day cost structure and financial viability of the garage. (Doc. 10 at ¶¶ 39-40).

is required to pay Plaintiff its pro-rata share of expenses incurred in carrying out the response to a default under paragraph 16(e). (Participation Agreement at ¶ 9(a)). Plaintiff alleges that it has incurred more than $15,000.00 in expenses carrying out First Southern's demands, including prosecuting the cognovit complaint and issuing various notices and demands to NEA Galtier and the Guarantors. (Doc. 10 at ¶ 72, 76).[4] Accordingly, it would be improper for this Court to grant specific performance when First Southern is not "clearly entitled" to judgment.

### C. First Southern's Injunction Claim

First Southern's claim for an injunction asks the Court to enjoin Plaintiff from taking any action to frustrate the repurchase obligation in the Participation Agreement, and to compel Plaintiff to comply with its obligations under paragraph 16(e) of the Participation Agreement. (Doc. 19 at ¶¶ 89-90). Specifically, First Southern alleges that the default on which its motion is based was the refusal to comply with its foreclosure and receivership demand under paragraph 16(e). (Doc. 29 at 9). Accordingly, First Southern claims that it is entitled to judgment ordering Plaintiff to either institute the foreclosure and receivership action or repurchase the participation interest. (*Id*. at 13).

In order to be entitled to an injunction under Georgia law, the pleadings would need to demonstrate the additional elements of a "clear and urgent" need for the

---

[4] Conversely, First Southern argues that it has not seen any invoice supporting this claim. However, at this stage in the litigation, Plaintiff need not have produced any such evidence. All well-pleaded material allegations must be taken as true. (Doc. 47 at 12).

injunction, and that there is no other remedy available. *Lewis v. City of Atlanta*, 553 S.E.2d 611, 611 (Ga. 2001). This Court has already held that there is no clear urgency for the foreclosure and receivership action, and that First Southern has an adequate remedy – monetary damages. (Doc. 37 at 11). Therefore, judgment on the pleadings is not warranted.

### III. CONCLUSION

Accordingly, for the reasons stated herein, Defendant First Southern National's motion for judgment on the pleadings (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/27/12                              *s/ Timothy S. Black*
                                           Timothy S. Black
                                           United States District Judge